UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AYYUB SAAFIR, f/k/a
Joseph Bruno,

    Plaintiff,

v.

Case No. 11-14016

Hon. John Corbett O'Meara

DR. BAL GUPTA,
MARY LEMERAND, CENTER LINE
PARK TOWERS, and
BARBARA MCQUADE, U.S. Attorney,

    Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND DISMISSING COMPLAINT**

Plaintiff Ayyub Saafir, appearing pro se, filed his complaint against Dr. Bal Gupta, Mary Lemerand, Center Line Park Towers, and U.S. Attorney Barbara McQuade on September 14, 2011. Plaintiff also filed applications to proceed *in forma pauperis* and for the appointment of counsel. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. See 28 U.S.C. § 1915(a); Gibson v. R.G. Smith Co., 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff contends in his complaint that Mary Lemerand, manager of the Center Line Park

Towers, and Dr. Bal K. Gupta of St. John Macomb Hospital "and others entered to collusion, conspiracy, and malfeasance and denial of my constitutional rights (1st, 4th, 5th, 13th, and 14th amend.). . . ." Plaintiff also asserts that "the mental health laws are archaic and Congress, the Dept. of Mental Health and others need to reass[ess] the current laws and statutes. . . ." Plaintiff makes no allegations regarding Barbara McQuade.

To state a claim of constitutional violations under 42 U.S.C. § 1983, Plaintiff must allege the following: "1) the deprivation of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law." Ellison v. Garbarino, 48 F.3d 192, 194 (6th Cir.1995) (internal quotation marks and citation omitted). In general, § 1983 claims cannot proceed against private parties such as Defendants, unless those parties are alleged to be state actors. See Tahfs v. Proctor, 316 F.3d 584, 590-93 (6th Cir. 2003). Because Plaintiff has not alleged state action on the part of Defendants, he cannot state a claim under § 1983.

Plaintiff's complaint does not state a claim upon which relief may be granted by the court. His constitutional claims are not cognizable against private parties, the court is without authority to require a reassessment of the mental health laws, and he makes no allegations against U.S. Attorney Barbara McQuade. The Supreme Court has defined a "frivolous" action as one that "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, Plaintiff has not alleged sufficient facts to make out any legally cognizable action over which the court may have jurisdiction. Accordingly, the court finds that Plaintiff's complaint fails to state a claim and is frivolous. In light of this conclusion, the court will not consider Plaintiff's application for the appointment of counsel. See Lopez v. Reyes, 692 F.2d

15, 17 (5th Cir. 1982); <u>Lavado v. Keohene</u>, 992 F.2d 601, 605 (6th Cir. 1993).

Therefore, IT IS HEREBY ORDERED that Plaintiff's complaint is DISMISSED.

          s/John Corbett O'Meara
          United States District Judge

Date: October 21, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 21, 2011, using first-class U.S. mail.

          s/William Barkholz
          Case Manager